UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 5:26-cv-00445-MWC-PVC | Date: February 8, 2026 |
| Title: | Hayk Marabyan v. David Marin *et al* | |

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order GRANTING Petitioner's Ex Parte Application for Temporary Restraining Order (Dkt. [2])**

Before the Court is Petitioner Hayk Marabyan's ("Petitioner") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") ordering Respondents David Marin, Kristi Noem, Pamela Bondi, and Thomas Giles (collectively, "Respondents")[1] to immediately release Petitioner from custody; restore Petitioner to the status quo prior to his re-detention by reinstating his prior order of supervision ("OSUP"); and show cause why Petitioner's application for preliminary injunction should not be granted.  Dkt. # 2 ("*App.*") 6.  Petitioner also filed a declaration in support of the Application.  *See* Dkt. # 3 ("*Marabyan Decl.*").  Respondents opposed the Application. *See* Dkt. # 11 ("*Opp.*").

For the reasons set forth below, the Court **GRANTS** the Application. Respondents are **ORDERED** to release Petitioner under the conditions of Petitioner's prior OSUP forthwith, and the parties are **ORDERED** to return to the last uncontested status which preceded the pending controversy and place Petitioner in the same condition of his OSUP before his most recent detention.

---

[1] The Petition caption identifies Respondents as follows: David A. Marin, Warden, Adelanto ICE Detention Facility, California; Kristi Noem, Secretary of the U.S. Department of Homeland Security ("DHS"); Pamela J. Bondi, Attorney General of the United States; and Thomas P. Giles, Director Los Angeles Field Office of U.S. Immigration and Customs Enforcement ("ICE").  *See* Dkt. # 1 ("*Pet.*").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00445-MWC-PVC                                                    Date: February 8, 2026

Title:        Hayk Marabyan v. David Marin *et al*

I.   <u>Background</u> [2]

Petitioner immigrated to the United States from the Republic of Azerbaijan in 2001 as a refugee and was granted asylum. *Marabyan Decl.* 1. Petitioner has resided continuously in the United States since then. *Id.*

In or around 2008, Petitioner was arrested and convicted in the State of California for rape by force and served seven months in jail. *Id.* In September of 2008, an Immigration Judge ordered Petitioner removed from the United States. *Id.*; *Pet.* 2. He spent over six months in immigration detention and, despite final removal orders, was released under OSUP on or around April 1, 2009. *Pet.* 2, *Marabyan Decl.* 1.

Since being released, Petitioner attests he has fully complied with the terms of the OSUP, including regular check-ins and reporting obligations to ICE and DHS. *Id.* 1-2. Petitioner has completed anger management and domestic violence courses; volunteers to assist elderly individuals and low-income families, works with the Armenian Relief Society, and participates in the L.A. Trail Hikes community. *Id.* 2.

On August 8, 2025, ICE detained petitioner outside of his residence. *Id.* 2. He was detained "without any allegation" that Petitioner violated the terms of the OSUP. *Id.* Petitioner states ICE has attempted to obtain travel documents from Azerbaijan and Russia, but neither of those countries has accepted him as a citizen or issued travel documents. *Id.* Petitioner remains in detention at Adelanto, and the detention has caused significant hardship to him and those who rely on him for support. *Id.*; *Pet.* 2.

On February 2, 2026, Petitioner filed a petition for writ of habeas corpus, *see Pet.*, the instant Application, *see App., Marabyan Decl.*, a motion for appointment of counsel, Dkt. # 4, and the instant Application, *see App.* The same day, the Court issued an order setting a briefing schedule for the Application and enjoining Respondents from removing or relocating Petitioner outside of this District during the pendency of Petitioner's case. Dkt. # 8. The Court also referred the case to the Office of the Federal Public Defender

---

[2] Unless otherwise indicated, the following factual background is derived from the Petition, Application, and/or Marabyan Declaration *See* Dkts. # 1-3. The Court is not, at this time, making a final determination as to the veracity of the facts stated therein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-00445-MWC-PVC | Date: February 8, 2026 |
| Title: | Hayk Marabyan v. David Marin *et al* | |

for the Central District of California, Dkt. # 7, and an attorney from the Federal Public Defender's Office was assigned to this matter, Dkt. # 9.

II.   Legal Standard

   A.   *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

   B.   Temporary Restraining Orders and Preliminary Injunctions

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-00445-MWC-PVC | Date: February 8, 2026 |
| Title: | Hayk Marabyan v. David Marin *et al* | |

the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

A preliminary injunction is "an extraordinary and drastic remedy" and "should not be granted unless the movant, by clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quotations omitted). At this stage, the Court is only determining whether Petitioner has met his burden for a temporary restraining order. *See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). Accordingly, this Order is not a final decision on the merits of any claim, nor is it a decision on the merits of the factual assertions either party made in support of any claim.

III. Discussion

    A. *Ex Parte* Application and *Mission Power* Factors

The Court finds that Petitioner has satisfied the *Mission Power* factors. Petitioner has been in custody since August 8, 2025, and avers that he has yet to receive any opportunity to contest his detention or revocation of OSUP status. *See App.* If the Court heard the Application according to regularly noticed motion procedures, that would leave Petitioner detained without access to any due process for at least an additional 28 days. Though Petitioner could have sought the TRO sooner, the fact that he provided ICE time to give additional due process cannot cut against him. After more than six months in continued detention without the requisite process, the Court finds *ex parte* relief warranted.

    B. Request for Release from Detention and Restoration of OSUP Status

The Court has jurisdiction to consider Petitioner's claims under 28 U.S.C. § 2241. *See Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956 (9th Cir. 2012) (en banc) ("The writ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-00445-MWC-PVC | Date: February 8, 2026 |
| Title: | Hayk Marabyan v. David Marin *et al* | |

of habeas corpus historically provides a remedy to non-citizens challenging executive detention.").[3]

Petitioner argues that that he is likely to succeed on the merits of the claims in his Petition "because his continued detention violates both statutory and constitutional limits, and respondents action contravene clearly established Supreme Court and Circuit precedent." *App.* 2.

The "Petition" is styled as a memorandum of law, *see generally Pet.*, which is not a proper case-initiating document. Nonetheless, the Court is required to construe Petitioner's pro se (at the time of filing) habeas petition liberally. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se habeas petitions liberally). The Court finds Petitioner is bringing a claim for violation of the Due Process clause of the Fifth Amendment. *See Pet.* 1, 5 (alleging, inter alia, that Petitioner's due process rights were violated because "the Government never: (1) provide [*sic*] petitioner with notice that his Order of Supervision was revoked; and (2) conducted an informal interview or afford Petitioner an opportunity to be heard.").[4]

The Court concludes Petitioner has established at least the presence of "serious questions going to the merits" on his claim that the revocation of his OSUP violates due process, so a TRO may issue. *Alliance for the Wild Rockies*, 632 F.3d at 1135. The Court discusses each of the *Winter* factors in turn.

---

[3] Respondents argue that the Court lacks jurisdiction to challenge the government's decision to execute a final removal order. *See Opp.* 3-5. Because Petitioner challenges the constitutionality of the revocation of his OSUP status and not the merits of the underlying removal order, the argument does not warrant denial of the Application.

[4] In construing Petitioner's filings liberally, the Court rejects Respondents' argument that the Application should be denied because it is vague, conclusory, and unsupported by a statement of specific facts. *See Opp.* 1–2 (arguing "[t]here are no specific factual allegations explaining why the arrest or detention is unlawful, or how the Fifth Amendment is implicated."). The Application is supported by Petitioner's signed factual declaration, as well as a brief applying the *Winter* factors to Petitioner's requested relief. *See Marabyan Decl.*, *App.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    5:26-cv-00445-MWC-PVC | Date: February 8, 2026 |
| Title:    Hayk Marabyan v. David Marin *et al* | |

      *i.*    *Likelihood of Success on the Merits*

           a.    *Statutory and Regulatory Framework*

"Freedom from imprisonment . . . lies at the heart of the liberty" that the Fifth Amendment's Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "[T]he Due Process Clause applies to all 'persons' within the United States," including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693; *see also Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'The Fifth Amendment entitles [noncitizens] to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Thus, a noncitizen under an OSUP has a constitutional liberty interest in their continued release from immigration detention. *See Sun v. Santacruz*, No. EDCV-25-02198-JLS-JCx, 2025 WL 2730235, at *5–6 (C.D. Cal. Aug. 26, 2025) (finding the petitioner had a "substantial" liberty interest in "remaining out of immigration custody" pursuant to an OSUP and granting a TRO enjoining the respondents from re-detaining the petitioner without a pre-detention hearing before a neutral adjudicator); *Yang v. Kaiser*, No. 2:25-CV-02205-DAD-AC (HC), 2025 WL 2791778, at *7–10 (E.D. Cal. Aug. 20, 2025) (same).

8 U.S.C. § 1231(a) governs the detention, release, and removal of noncitizens with an order of removal. Under § 1231(a), a noncitizen who has been ordered removed must be detained during the 90-day removal period. 8 U.S.C. §§ 1231(a)(1)(A), 1231(a)(2)(A). However, if a noncitizen is not removed within this period, they must be released "subject to supervision under regulations prescribed by the Attorney General." *Id.* § 1231(a)(3). While certain noncitizens may be detained beyond the 90-day removal period, such noncitizens, if released, must also be subject to the same terms of supervision as under § 1231(a)(3). *Id.* § 1231(a)(6).

8 C.F.R. § 241.4 and 8 C.F.R. § 241.13 set the terms of supervised release under 8 U.S.C. § 1231(a)(3) and 8 U.S.C. § 1231(a)(6), including the conditions and procedures under which ICE may revoke release. *See* 8 C.F.R. §§ 241.4(l), 241.13(i). First, ICE may revoke release when a noncitizen violates a condition of their OSUP. *Id.* §§ 241.4(l)(1), 241.13(i)(1). Second, ICE may revoke release when, "on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). Third, certain officials may exercise their discretion to revoke release. *See id.* § 241.4(l)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-00445-MWC-PVC | Date: February 8, 2026 |
| Title: | Hayk Marabyan v. David Marin *et al* | |

Upon revocation of release, ICE must provide the noncitizen a copy of the decision "set[ting] forth the reasons for the continued detention." *Id.* § 241.4(d). Additionally, the noncitizen must be "notified of the reasons for revocation," *id.* § 241.4(l)(1), and afforded "an initial informal interview promptly . . . to respond to the reasons for revocation stated in the notification," *id.* § 241.13(i)(3).

        b.      *Analysis*

Petitioner has demonstrated a serious question going to the merits of his requests for a release from detention and restoration of his OSUP status.

        1.      *Procedural Requirements to Revoke OSUP Status*

"It is well-established that government agencies are required to follow their own regulations." *Delkash*, 2025 WL 2683988, at *5 (citing *United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)). To the extent Respondents failed to follow release revocation procedures, Petitioner's re-detention is unlawful. *See id.* (collecting cases); *Nazarian*, 2025 WL 3236209, at *5; *Esmail*, 2025 WL 3030590, at *6–7.

Respondents do not dispute Petitioner's assertion that, after his release on supervision in April 2009, Petitioner has not committed any crimes or violations or otherwise violated the terms of his OSUP. *Marabyan Decl.* 1-2. For that reason, Petitioner states his arrest was "unexpected." *Id.* Petitioner asserts that he was detained without notice, hearing, an informal interview, or any meaningful opportunity to be heard. *App.* 3; *Pet.* 5, *Marabyan Decl.* 2.

Because Petitioner was not provided a copy of the decision "set[ting] forth the reasons for the continued detention"; was not "notified of the reasons for revocation,"; and was not afforded "an initial informal interview promptly . . . to respond to the reasons for revocation stated in the notification," revocation of Petitioner's release on OSUP was procedurally defective. *See* 8 C.F.R. §§ 241.4(d), 241.4(l)(1), 241.13(i)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-00445-MWC-PVC | Date: February 8, 2026 |
| Title: | Hayk Marabyan v. David Marin *et al* | |

### 2. *Likelihood of Removal*

Petitioner asserts there is no significant likelihood of his removal in the reasonably foreseeable future, which would require his release. *Pet.* 2; *App.* 4, 8 C.F.R. § 241.13(i)(2) (stating that "[t]he Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."). Petitioner represents that both Russia and Azerbaijan "have stated they will not recognize Petitioner as a citizen or issue him travel documents" and have thus issued very few travel documents. *Pet.* 4 (stating, in 2024, "Azerbaijan issued only 13 travel documents out of 709, and Russia issued 464 out of 3518.").

While the Court has not been provided the source of Petitioner's assertions, Petitioner has been in ICE custody for more than six months, which is where the "presumption" of constitutional reasonableness ends. *See Zadvydas*, 533 U.S. at 701. Given the extended period of time that Petitioner has been detained without deportation, the Court finds Petitioner has provided a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See id.* This shifts the burden to Respondents to provide evidence sufficient to rebut Petitioner's showing. *See id.*; *see also Nazarian*, 2025 WL 3236209, at *5 (noting, "because Petitioner challenges his re-detention after already being released on an OSUP, 'ICE's own regulations [ ] place the burden on ICE to show changed circumstances that make removal significantly likely in the reasonably foreseeable future.'" (quoting *Sun v. Noem*, No. 3:25-CV-02433-CAB-MMP, 2025 WL 2800037, at *2 (S.D. Cal. Sep. 30, 2025)).

Respondents make no showing that Petitioner's removal is possible, much less imminent. *See Opp.* 3. Thus, there remains a serious question as to whether Petitioner's removal is reasonably foreseeable.

Petitioner's release is also necessary to return him to the status quo, or "the last uncontested status which proceeded the pending controversy." *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2026) (cleaned up) (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)); *Nazarian*, 2025 WL 3236209, at *7 ("While Respondents argue the proper relief is remedying the specific procedural defects rather than releasing Petitioner from custody, . . . the Court rejects this argument. Here, Petitioner's release is necessary to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-00445-MWC-PVC | Date: February 8, 2026 |
| Title: | Hayk Marabyan v. David Marin *et al* | |

return him to the status quo."); *Esmail*, 2025 WL 3030590, at *6 ("Providing Petitioner an interview ex post facto, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process. The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

In sum, Petitioner has raised a serious question going to the merits with respect to three different procedural deficiencies in revoking his OSUP status: proper notice as to the reason for revocation of his release, an informal interview where he could contest his detention, and likelihood of his removal in the reasonably foreseeable future.

For these reasons, Petitioner has shown a likelihood of success on the merits of his request for immediate release from detention.

### ii.   *Irreparable Harm*

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'" *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017)).

Here, Petitioner is separated from his communities and those who rely on his support. *Marabyan Decl.* 2. Since denying Petitioner's Application would continue to deprive him of liberty without due process and subject him to the subpar conditions of ICE detention, this factor weighs in favor of granting Petitioner's release from detention.

### iii.   *Balance of Equities and Public Interest*

As detailed above, the last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, Respondents have not articulated any interest in continuing to detain Petitioner in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-00445-MWC-PVC | Date: February 8, 2026 |
| Title: | Hayk Marabyan v. David Marin *et al* | |

case, nor is it clear than any such interest exists. Moreover, the balance of equities and the public interest factors tip in favor of Petitioner because he is challenging Respondents' likely violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors the Court has examined herein, Petitioner is entitled to immediate release from detention and restoration of his OSUP status.

IV. <u>Bond Requirement</u>

Rule 65 notes that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)). "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (cleaned up). "That is, the mandatory language of Rule 65(c) does not 'absolve[] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.'" *Vaskanyan*, 2025 WL 2014208, at *8 (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003)).

Since the Court is ordering that Respondents follow the governing law, bond is unnecessary. *See Swan v. Tanjuakio*, No. 21-00052 JMS-KJM, 2021 WL 1794756, at *8 (D. Haw. May 5, 2021) ("The court is simply requiring [defendant] to follow the law. No

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   5:26-cv-00445-MWC-PVC | Date: February 8, 2026 |
| Title:   Hayk Marabyan v. David Marin *et al* | |

bond is required." (footnote omitted)); *Hassanzadeh*, 2025 WL 3306272, at *6 (ruling that bond was unnecessary where the court ordered respondents to release immigration detainee from custody and follow the governing law).

V.   Conclusion

For the foregoing reasons, the Court **GRANTS** the Application and **ORDERS** as follows:

1. Respondents **MUST RELEASE** Petitioner immediately under an Order of Supervision, and the parties are **ORDERED** to return back to the last uncontested status which preceded the pending controversy and place Petitioner in the same condition of his Order of Supervision before his most recent detention.

The Court further **ORDERS** Respondents to show cause, in writing, no later than 7 days after this Order as to why a preliminary injunction should not issue. Petitioner may file a response no later than 7 days after Respondents' filing.

**IT IS SO ORDERED.**

:
**Initials of Preparer**   TJ